**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 24-6459**

---

TERRANCE L. REED,

        Plaintiff - Appellant,

    v.

UNKNOWN,

        Defendant - Appellee.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  John A. Gibney, Jr., Senior District Judge.  (3:23-cv-00839-JAG-MRC)

---

Submitted:  September 26, 2024                Decided:  January 2, 2025

---

Before WYNN and RUSHING, Circuit Judges, and TRAXLER, Senior Circuit Judge.

---

Vacated and remanded by unpublished per curiam opinion.

---

Terrance L. Reed, Appellant Pro Se.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terrance L. Reed appeals the district court's order dismissing his 42 U.S.C. § 1983 complaint for failure to timely comply with the magistrate judge's order to pay the initial partial filing fee of $0.81 or aver that he lacked sufficient assets to do so.  We review a district court's order dismissing an action for failing to comply with a court order for abuse of discretion.  *Atkisson v. Holder*, 925 F.3d 606, 620 (4th Cir. 2019).  In exercising its discretion in determining an appropriate sanction for failing to comply with a court order, a district court "should weigh: (1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Id.* (internal quotation marks omitted).

Here, these factors do not support dismissal. First, Reed's efforts to comply with the district court's order mitigate his degree of personal responsibility. The magistrate judge initially ordered Reed to file an application to proceed in forma pauperis and Reed timely complied.  Thereafter, the magistrate judge ordered Reed to pay the initial partial filing fee or aver that he could not do so, giving Reed 30 days to comply with the order. The record indicates that Reed attempted to obtain access to his prison trust fund account and was told that he had to request it from the courts. His filing documenting that communication was construed as nonresponsive. Moreover, the magistrate judge's order did not warn Reed that failing to pay the 81-cent fee within 30 days could result in dismissal.

Second, because any defendants have not yet been identified, and only three months

2

elapsed between Reed's filing of the complaint and the court's dismissal, there has been no prejudice caused to any defendant.

Third, Reed did not have any history of engaging in dilatory tactics; he is not a serial plaintiff, and he timely complied with the only other order issued in this action.

And fourth, a sanction less drastic than dismissal would have served the district court's purposes. Although the district court's dismissal was without prejudice, the statute of limitations is still running, and the record demonstrates how difficult it is for an inmate to obtain the documents necessary to re-file his suit, particularly when confined to a Special Housing Unit.

Although a district court may dismiss a case without warning "in appropriate circumstances," "the facts of [this] case" did not warrant dismissal. *Attkisson v. Holder*, 925 F.3d 606, 625 (4th Cir. 2019) (internal quotation marks omitted) (quoting *Reizakis v. Loy*, 490 F.2d 1132, 1135 (4th Cir. 1974)). We therefore vacate the district court's order dismissing Reed's complaint and remand with instructions to grant Reed additional time to either pay the initial filing fee or affirm his inability to do so.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

3